ANDREW JOHNSON *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

April 30, 1890.

Railway—Negligence—Cattle at Large.—The testimony in this case examined, and *held* not to have justified the verdict therein.

Appeal by defendant from a judgment of the district court for Goodhue county, where the action was tried before *McCluer*, J., a verdict of $35 returned for plaintiff, and a new trial refused. The action was begun in justice's court.

*W. C. Williston,* for appellant.

*W. Colvill* and *O. M. Hall,* for respondent.

COLLINS, J. Action to recover the value of a cow alleged to have been killed by the negligence of an engineer having charge of a locomotive in operation upon defendant's road.

1. The injuries from which the animal died were inflicted at a point upon a public highway where it was crossed by defendant's tracks, at a season of the year when cattle are prohibited, by the provisions of Gen. St. 1878, c. 10, § 16, subd. 6, from going at large. She was not under restraint or control in any manner, was roaming at will upon the public highway, and was "at large" in violation of the statute. The trial court erred in charging the jury, as it did, in substance, that cattle, when on a highway upon their owner's premises, are not going at large, within the purview of the statute. *Stacey* v. *Winona & St. Peter R. Co.*, 42 Minn. 158, (43 N. W. Rep. 905.)

2. Under the undisputed facts in the case, the court should have directed a verdict for the defendant. The latter would only be liable for actual negligence on the part of the engineer; for his neglect and failure to exercise reasonable care, and to use due diligence to avoid injury to the cow, upon discovering that she was in the vicinity of the track, and especially after seeing that she had turned around, and was about to cross the railway ahead of his train. There was not a particle of testimony which indicated that, from the time the engineer first saw the cow in the highway, with others, he neglected

or failed in his duty in any respect. Upon the other hand, it clearly appears that he made all reasonable efforts to avoid a collision, and in due time.

Judgment reversed.